IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-194-D
No. 5:14-CV-343-D

| | |
|---|---|
| CHARLES HARGROVE, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

On June 13, 2014, Charles Hargrove, Jr. ("Hargrove") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 132-month sentence [D.E. 145]. On August 6, 2014, the United States ("government") moved to dismiss Hargrove's section 2255 motion [D.E. 149]. The court notified Hargrove about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 151]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Hargrove did not respond to the government's motion to dismiss. As explained below, the court grants the government's motion to dismiss and dismisses Hargrove's section 2255 motion.

I.

On June 29, 2011, a federal grand jury in the Eastern District of North Carolina charged Hargrove with conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base (crack), and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (count one), and with distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (count four). See Indictment [D.E. 1]. On November 29, 2011, Hargrove pleaded guilty,

pursuant to a written plea agreement [D.E. 81], to a one-count criminal information [D.E. 76] charging him with conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Rule 11 Tr. [D.E. 114] 26–29.

On July 10, 2012, Hargrove filed a motion to withdraw his guilty plea. See [D.E. 110]. Hargrove premised his motion to withdraw his guilty plea on his first lawyer's alleged ineffective assistance of counsel in declining to assert an entrapment defense and Hargrove's desire to plead not guilty and assert an entrapment defense. See id.; Sentencing Tr. [D.E. 131] 80. On July 26, 2012, at the beginning of Hargrove's sentencing hearing, the court denied Hargrove's motion to withdraw his guilty plea. See Sentencing Tr. 5–10.

After denying Hargrove's motion to withdraw his guilty plea, the court conducted Hargrove's sentencing hearing. The court found the advisory guideline range to be 121 to 151 months' imprisonment, based on a total offense level of 32 and a criminal history category of I. See id. 81–82. In light of Hargrove's motion to withdraw his guilty plea in which he persisted in denying guilt, the court declined to give Hargrove a three-level reduction for acceptance of responsibility. See id. The court then considered the arguments of counsel, Hargrove's allocution, and all relevant factors under 18 U.S.C. § 3553(a). The court sentenced Hargrove to 132 months' imprisonment. See id. 87–92.

Hargrove appealed and argued that the court erred in failing to permit him to withdraw his guilty plea. On March 29, 2013, the United States Court of Appeals for the Fourth Circuit rejected Hargrove's argument and affirmed his conviction and sentence. See United States v. Hargrove, 518 F. App'x 141, 142–43 (4th Cir. 2013) (per curiam) (unpublished).

On June 13, 2014, Hargrove filed his section 2255 motion. See [D.E. 145]. Hargrove alleges that his second counsel rendered ineffective assistance by failing to properly advise him of the

2

"negative consequences" that moving to withdraw his guilty plea would have on receiving acceptance of responsibility at sentencing and by failing to tell Hargrove that he could have achieved the "same goal" by challenging the drug weight attributed to him at sentencing. See id. 4. On August 6, 2014, the government moved to dismiss Hargrove's motion and filed a supporting memorandum. See [D.E. 149, 150].

In analyzing a motion to dismiss under Rule 12(b)(6), a court need not accept a complaint's legal conclusions drawn from the alleged facts. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v.

3

Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. In analyzing an ineffective assistance of counsel claim in a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

4

Hargrove claims that his second counsel was ineffective by failing to properly advise him of the "negative consequences" that moving to withdraw his guilty plea would have on receiving acceptance of responsibility at sentencing and by failing to tell Hargrove that he could have achieved the "same goal" by challenging the drug weight attributable to him at sentencing. See [D.E. 145] 4. The record belies Hargrove's attack on his counsel's performance.

Hargrove was indicted on June 29, 2011, and his first counsel was promptly appointed. Hargrove's first counsel worked closely with Hargrove to achieve a favorable plea agreement, including a guilty plea to a one-count criminal information that, unlike Hargrove's indictment, did not include any charge concerning crack cocaine. On November 29, 2011, Hargrove pleaded guilty to the one-count criminal information. At his Rule 11 hearing, the court advised Hargrove about the charge, the maximum penalties, and the sentencing process, told Hargrove that the court could sentence him to the statutory maximum of 480 months' imprisonment, that any estimate of his sentence or advisory guideline range from any source was not binding on the court, and that if he received a sentence up to the statutory maximum he would not be able to withdraw his guilty plea. See Rule 11 Tr. 17–26. Under oath, Hargrove acknowledged that he understood all these facts. The court also fully complied with all other requirements of Rule 11, including discussing Hargrove's plea agreement with him. See id. 17–31. Hargrove then pleaded guilty. See id. 28–29.

On April 27, 2012, at Hargrove's request and after receiving a draft PSR attributing over 160 kilograms of cocaine to Hargrove, Hargrove's first counsel filed a motion to withdraw. See [D.E. 101]. In the motion to withdraw, Hargrove's first counsel asserted that Hargrove wanted him to withdraw, that Hargrove no longer trusted him, and that Hargrove believed that counsel was ineffective for misleading Hargrove about the case. See id. On April 30, 2012, in light of the broken relationship, the court permitted Hargrove's first counsel to withdraw. See [D.E. 102].

5

Hargrove's second counsel was promptly appointed. On May 2, 2012, Hargrove's second counsel (and the counsel subject to Hargrove's section 2255 motion) moved to continue Hargrove's sentencing from May 21, 2012, to a later date. See [D.E. 105]. On May 21, 2012, the court granted Hargrove's motion to continue and continued the sentencing hearing until July 2012. See [D.E. 107].

On July 10, 2012, Hargrove filed a motion to withdraw his guilty plea. See [D.E. 110]. Hargrove attached an affidavit, in which he stated: "When I signed my plea agreement and entered my plea on November 23, 2011, I did so based on the advice of ineffective assistance of counsel, as my attorney would not pursue the course of action that I had instructed." [D.E. 110-1]. Hargrove filed the motion to withdraw his guilty plea because he wanted to plead not guilty and assert an entrapment defense to all charges. See Sentencing Tr. 80.

On July 17, 2012, the government filed a response in opposition to the motion and discussed the six factors that a court should consider in assessing a motion to withdraw a guilty plea. See [D.E. 115]. The government attached the Rule 11 colloquy to its response in opposition. See [D.E. 115-1].

On July 26, 2012, at the sentencing hearing's outset, the court noted the pending motion to withdraw the guilty plea and asked Hargrove's counsel if Hargrove wanted "to go forward with that." Sentencing Tr. 5. Hargrove's counsel reluctantly informed the court: "Your Honor, my client has not authorized me to withdraw that motion." Id. 6.

This court then considered the six relevant factors and properly denied the motion to withdraw the guilty plea. See Hargrove, 518 F. App'x at 142–43. After denying Hargrove's motion to withdraw his guilty plea, the court analyzed defense counsel's multiple objections to the PSR and sustained many of them. See Sentencing Tr. 59–79. Hargrove's defense counsel skillfully

6

convinced the court to reduce the relevant drug weight from over 160 kilograms of cocaine to 6.26 kilograms of cocaine. See id. 77–79. Hargrove's counsel thereby managed to reduce the advisory guideline range from 168 to 210 months in the PSR to 121 to 151 months. See id. 81–82.

Hargrove has not plausibly alleged that his counsel's performance concerning the motion to withdraw the guilty plea was objectively unreasonable. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 123–28 (2009); Strickland, 466 U.S. at 687–91. Hargrove, not counsel, was the one who insisted on going forward at the sentencing hearing with the motion to withdraw the guilty plea, even though counsel had preserved multiple objections to the distinct issue of drug weight and was prepared to make arguments to reduce the drug weight. Cf. Strickland, 466 U.S. at 691 ("The reasonableness of counsel's action may be determined or substantially influenced by the defendant's own statements or actions."). In fact, Hargrove's goal in attempting to withdraw his guilty plea was to plead not guilty, assert entrapment, and then convince a jury to absolve him of all drug charges. Hargrove's goal in filing the motion to withdraw his guilty plea was not simply to reduce his drug weight at sentencing. After all, counsel had made timely objections to the drug weight in the PSR and was prepared to argue about drug weight at sentencing.

As for the issue of acceptance of responsibility vis-a-vis the motion to withdraw the guilty plea, the court properly declined to give Hargrove acceptance of responsibility in light of his motion. See Sentencing Tr. 80–82. That the court declined to give Hargrove acceptance of responsibility does not mean that counsel acted in an objectively unreasonable manner in representing Hargrove concerning the motion to withdraw the guilty plea. Notably, the decision whether to plead guilty or not guilty is for the client to make. See, e.g., Florida v. Nixon, 543 U.S. 175, 187 (2004). Here, Hargrove made the decision to pursue the motion to withdraw his guilty plea and understood the obvious difference between seeking to plead not guilty to all charges based on entrapment versus

7

simply persisting with his guilty plea and having his counsel argue Hargrove's objections to the drug weight. Counsel's performance was not objectively unreasonable. See Strickland, 466 U.S. at 687–91, 699.

Alternatively, Hargrove has not plausibly alleged prejudice. See, e.g., Strickland, 466 U.S. at 694–96, 699–700; United States v. Cronic, 466 U.S. 648, 657–58 (1984); United States v. Foster, 68 F.3d 86, 87–88 (4th Cir. 1995); United States v. Craig, 985 F.2d 175, 179–80 (4th Cir. 1993). Thus, Hargrove's claim fails.

After reviewing the claims presented in Hargrove's motion, the court determines that reasonable jurists would not find the court's treatment of any of Hargrove's claims debatable or wrong, and that none of his claims deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 149], DISMISSES Hargrove's section 2255 motion [D.E. 145], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 20 day of January 2015.

James Dever
JAMES C. DEVER III
Chief United States District Judge